# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| DOUGLAS MALM, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 12 C 7846 |
| | ) |
| MOMKUS McCLUSKEY, LLC, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendant Momkus McClusky, LLC's (LLC) motion to dismiss. For the reasons stated below, the motion to dismiss is granted.

## BACKGROUND

Plaintiff Douglas Malm (Malm) alleges that he worked for Cima Plastics Corporation (Cima). In the spring of 2008, the owner of Cima, Mr. Samarah (Samarah), allegedly formed Cima Plastics II Corporation (Cima II) to acquire the assets of SR Plastics, which had a significant business relationship with Kimberly-Clark Corporation (Kimberly-Clark). Malm was allegedly involved solely in Cima's business operations, had no ownership interest in Cima or Cima II, and had

1

no involvement in legal decisions made by Cima or Cima II.

Around the time that Cima II was formed, a dispute allegedly arose between Cima II and Kimberly-Clark regarding the removal of certain equipment from a Cima II plant located in Georgia. As a result of the dispute, Kimberly-Clark filed a lawsuit against Cima II and Malm on July 2, 2008, in the Northern District of Georgia (Lawsuit). The complaint filed in the Lawsuit alleged that Malm was guilty of conversion based upon a letter dated May 13, 2008, sent to Kimberly-Clark by Malm in his official capacity as President of Cima. After the Lawsuit was filed, Samarah allegedly assured Malm that he had no personal liability, and that Cima would defend and indemnify Malm.

On September 5, 2008, Cima II and Malm allegedly retained LLC to represent them in the Lawsuit. Malm alleges that LLC failed to file any substantive motions on his behalf. Malm also alleges, "based on information and belief," that LLC never consulted directly with Malm regarding the Lawsuit. (Compl. Par. 21). In addition, Malm alleges that on March 26, 2009, LLC withdrew its representation of Malm without discussing the matter with him. After granting LLC's motion to withdraw, the court in Georgia (Georgia Court) gave Malm until May 4, 2009, to obtain new counsel.

Malm alleges that LLC never sent him the Georgia Court's order permitting LLC's withdrawal and giving Malm until May 4, 2009, to obtain new counsel. Malm also alleges that LLC knew or should have known that the address listed with the Georgia Court as his address was Cima's address, not Malm's. LLC allegedly

never informed the Georgia Court that the address listed on the docket for Malm was incorrect or advised the Georgia Court of Malm's correct address. On August 11, 2011, the Georgia Court entered a $1,875,633.00 judgment against Malm and Cima II, jointly and severally.

Malm allegedly first learned of the judgment on October 25, 2011. Upon learning of the judgment, Malm allegedly retained counsel immediately. Malm contends that he was never aware of any order entered by the Georgia Court until Malm's new counsel sent the Georgia Court's orders to him in November 2011. Malm unsuccessfully sought relief from the judgment entered against him in the Georgia Court. In May of 2012, Malm allegedly settled the Lawsuit by agreeing to pay Kimberly-Clark $100,000.00. Malm includes in his complaint a claim against LLC for legal malpractice. LLC now moves to dismiss.

## LEGAL STANDARD

In ruling on a motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6) (Rule 12(b)(6)), the court must draw all reasonable inferences that favor the plaintiff, construe the allegations of the complaint in the light most favorable to the plaintiff, and accept as true all well-pleaded facts and allegations in the complaint. *Appert v. Morgan Stanley Dean Witter, Inc.*, 673 F.3d 609, 622 (7th Cir. 2012); *Thompson v. Ill. Dep't of Prof'l Regulation*, 300 F.3d 750, 753 (7th Cir. 2002). A plaintiff is required to include allegations in the complaint that "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a

'speculative level'" and "if they do not, the plaintiff pleads itself out of court." *E.E.O.C. v. Concentra Health Services, Inc.*, 496 F.3d 773, 776 (7th Cir. 2007)(quoting in part *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007)); *see also Morgan Stanley Dean Witter, Inc.*, 673 F.3d at 622 (stating that "[t]o survive a motion to dismiss, the complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," and that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged")(quoting *Ashcroft v. Iqbal*, 556 U.S. 662 (2009))(internal quotations omitted).

## DISCUSSION

LLC has raised several arguments in support of its motion to dismiss.

## I. Causation

LLC argues that the legal malpractice claim should be dismissed because Malm cannot plead the requisite casual relationship between LLC's allegedly negligent acts and Malm's alleged damages. To establish a legal malpractice claim under Illinois law, a plaintiff must show "(1) an attorney-client relationship giving rise to a duty on the attorney's part; (2) a negligent act or omission by the attorney amounting to a breach of that duty; (3) proximate cause establishing that but for the attorney's negligence, the plaintiff would have prevailed in the underlying action;

4

and (4) actual damages." *Mihailovich v. Laatsch*, 359 F.3d 892, 904 (7th Cir. 2004)(citations omitted); *see also Warnock v. Karm Winand & Patterson*, 876 N.E.2d 8, 11-12 (Ill. App. Ct. 2007)(stating that "[t]he fact that the attorney may have breached his duty of care is not, in itself, sufficient to sustain the client's cause of action; on the contrary, even if negligence on the part of the attorney is established, no action will lie against the attorney unless that negligence proximately caused damage to the client"). Under Illinois law, "[w]here there are successive negligent actors, . . . the negligence of the second actor, under certain circumstances, may be deemed a superceding cause—relieving the original negligent actor of liability, as a matter of law." *Lopez v. Clifford Law Offices, P.C.*, 841 N.E.2d 465, 474 (Ill. App. Ct. 2005). In determining whether a defendant attorney caused a plaintiff to suffer damages, "prime consideration must be given to the situation in which the client was placed at the time of the termination of the legal services." *Mitchell v. Schain, Fursel & Burney, Ltd.*, 773 N.E.2d 1192, 1194 (Ill. App. Ct. 2002)(citation omitted); *see also Lopez*, 841 N.E.2d at 475 (indicating that under Illinois law, when a "successor had the opportunity to undo or avert the harm precipitated by the actions or omissions of the original attorney," the original attorney cannot be held liable).

Malm alleges that LLC negligently and recklessly represented him in the Lawsuit by "(1) failing to raise or plead any arguments regarding [his] role as a corporate representative . . . ; (2) failing to raise or plead any arguments regarding the clear failure of the Underlying Complaint to properly allege a cause of action . . .

5

against [him]; (3) failing to communicate directly with [him] about the strategy of his defense in the Lawsuit; (4) failing to communicate with [him] regarding [LLC's] withdrawal, or the court's order granting [LLC's] withdrawal; and (5) failing to provide the Court with [his] correct address." (Compl. Par. 36). According to Malm, LLC's conduct caused Malm to pay Kimberly-Clark $100,000.00 to settle the claim brought against him in the Lawsuit after the Georgia Court entered a final judgment (Judgment) against Malm in August of 2011. LLC disputes Malm's assertion that LLC caused Malm's damages, and has provided various documents to the court from the Lawsuit, which the court may take judicial notice of for the purpose of ruling on the instant motion to dismiss. *See Henson v. CSC Credit Services*, 29 F.3d 280, 284 (7th Cir. 1994)(stating that in addition to the allegations in the complaint, "'[t]he district court may also take judicial notice of matters of public record' without converting a 12(b)(6) motion into a motion for summary judgment")(quoting in part *United States v. Wood*, 925 F.2d 1580, 1582 (7th Cir. 1991)).

Malm retained LLC to defend him in the Lawsuit in September of 2008. (Compl. Ex. C). According to the record before the court, LLC filed a motion to withdraw from the Lawsuit on March 26, 2009. The Georgia Court ultimately granted the motion and set May 4, 2009, as the deadline by which Malm was required to obtain new counsel if he was not planning to proceed *pro se*. (Compl. Ex. D); (Compl. Ex. E). The record indicates that on June 2, 2009, a *pro se* request for additional time to retain counsel was filed, which Malm signed and had notarized. (Mot. Ex. A). More than two years later, in August of 2011, the Judgment was

entered against Malm in the Lawsuit. (Compl. Par. 25); (Mot. Ex. B, 1). On November 15, 2011, Malm filed a motion to vacate the Judgment with the Georgia Court, which the Georgia Court denied. (Mot. Ex. B). In his motion to vacate the Judgment, Malm admitted (1) that he worked for Cima until April 4, 2009, (2) that he saw the Georgia Court's order dated April 13, 2009, granting LLC's request to withdraw and reiterating Malm's May 4, 2009 deadline to obtain new counsel, and (3) that in or around June of 2009, Malm received, reviewed, signed, and had notarized his *pro se* request for additional time to retain counsel (Mot. Ex. B, 11-12); (Mot. Ex. C). Based on such facts, liability for the damages Malm incurred in connection with the Lawsuit cannot be imputed to LLC.

The court recognizes that generally the issue of causation is left for the jury to decide. *See Mitchell*, 773 N.E.2d at 1194-95 (indicating that dismissal short of trial would be inappropriate where an attorney's "acts or omissions leave doubt about the subsequent viability of [a] plaintiff's claim after his representation ends," such that "[r]easonable minds could differ as to whether [the attorney's] actions or omissions were a proximate cause of plaintiff's injury"). However, in this case, the record before the court conclusively demonstrates that LLC's allegedly negligent conduct did not proximately cause Malm's alleged damages, and no reasonable mind could conclude otherwise. Based upon Malm's admitted knowledge of the Lawsuit and LLC's withdrawal from the Lawsuit, it was incumbent upon Malm to participate in the Lawsuit beginning in at least June of 2009. Malm's failure to do so when he was aware of, or should have been aware of, both the Lawsuit and LLC's withdrawal

7

from the case, is a superceding cause for Malm's damages. To the extent that Malm contends that he relied on representations from Samarah that Samarah would take care of Malm's representation in the Lawsuit, Samarah does not work for LLC, and therefore Malm's argument merely highlights an additional superseding cause for Malm's damages.

It is clear from the record that the defenses Malm contends LLC should have asserted on his behalf were still viable when LLC ceased its representation of Malm. Given that the Judgment was not entered against Malm until more than two years after LLC withdrew from the case, Malm clearly could have raised such defenses on his own or retained new counsel to raise such defenses on his behalf. Based upon the above, Malm cannot properly plead facts to suggest that the allegedly negligent acts of LLC proximately caused Malm's damages in the Lawsuit.

## II. Other Arguments in Support of LLC's Motion to Dismiss

LLC also argues that the complaint should be dismissed because it is an impermissible collateral attack on the Georgia Court's rulings, citing *Thomas v. Sklodowski*, 709 N.E.2d 656 (Ill. App. Ct. 1999), in support of its argument. As stated in *Thomas*, "a collateral attack is an attempt to impeach or deny effect to an order in some proceeding not provided by law for the express purpose of attacking it." *Id.* at 660. Malm attempts to distinguish the facts in *Thomas* from the facts of this case. However, like Malm, Thomas filed a legal malpractice action against his former attorney after a default judgment was entered against him by a district court.

8

*Id.* at 658. Also like Malm, Thomas indicated that he never attempted to contact his attorney because he believed that one of his co-defendants was taking care of the matter. *Id.* In addition, just as the Georgia Court did in Malm's case, the district court in *Thomas* granted the defense attorney's motion to withdraw during the pendency of the underlying lawsuit, and later entered a default judgment against Thomas. *Id.* Further, just as Malm did, Thomas moved to vacate the Judgment entered against him under Rule 60(b) based on his lack of notice regarding the proceedings, and in both cases, the motion was denied. *Id.* at 658, 660. As in *Thomas*, there are no allegations of fraud or lack of jurisdiction that would permit a collateral attack on the Georgia Court's order. *Id.* at 660. Thus, *Thomas* is directly on point, and like in *Thomas*, "[a]ny dispute that [Malm] had with the [Georgia Court's] order[s] was properly the subject of an appeal . . . rather than a collateral [legal malpractice] proceeding." *Id.* at 661.

LLC further argues that the complaint should be dismissed because Malm failed to file the instant action with Illinois' two-year statute of limitations for bringing a legal malpractice claim. However, since Malm cannot properly allege a legal malpractice claim and the instant action constitutes an impermissible collateral attack on the Georgia Court's rulings, the court need not consider the statute of limitations argument. Based upon the above, the motion to dismiss is granted.

## CONCLUSION

Based upon the foregoing analysis, the motion to dismiss is granted.

_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated: April 3, 2013