IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DOUGLAS MALM, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 12 C 7846 |
| | ) | |
| MOMKUS MCCLUSKEY, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendant Momkus McCluskey, LLC's (LLC) motion for attorneys' fees and motion for sanctions. For the reasons stated below, both motions are denied in their entirety.

## BACKGROUND

Plaintiff Douglas Malm (Malm) alleged in this case that he worked for Cima Plastics Corporation (Cima). In the spring of 2008, the owner of Cima, Mr. Samarah (Samarah), allegedly formed Cima Plastics II Corporation (Cima II) to acquire the assets of SR Plastics, which had a significant business relationship with Kimberly-Clark Corporation (Kimberly-Clark). Malm was allegedly involved solely in Cima's business operations, had no ownership interest in Cima or Cima II, and had

1

no involvement in legal decisions made by Cima or Cima II.

Around the time that Cima II was formed, a dispute allegedly arose between Cima II and Kimberly-Clark regarding the removal of certain equipment from a Cima II plant located in Georgia. As a result of the dispute, Kimberly-Clark filed a lawsuit against Cima II and Malm on July 2, 2008, in the Northern District of Georgia (Lawsuit). The complaint filed in the Lawsuit alleged that Malm was guilty of conversion based upon a letter dated May 13, 2008, sent to Kimberly-Clark by Malm in his official capacity as President of Cima. After the Lawsuit was filed, Samarah allegedly assured Malm that he had no personal liability, and that Cima would defend and indemnify Malm.

On September 5, 2008, Cima II and Malm allegedly retained LLC to represent them in the Lawsuit. Malm alleges that LLC failed to file any substantive motions on his behalf. Malm also alleges, "based on information and belief," that LLC never consulted directly with Malm regarding the Lawsuit. (Compl. Par. 21). In addition, Malm alleges that on March 26, 2009, LLC withdrew its representation of Malm without discussing the matter with him. After granting LLC's motion to withdraw, the court in the Northern District of Georgia gave Malm until May 4, 2009, to obtain new counsel.

Malm alleges that LLC never sent him the Northern District of Georgia's order permitting LLC's withdrawal and giving Malm until May 4, 2009, to obtain new counsel. Malm also alleges that LLC knew or should have known that the address listed with the Northern District of Georgia as his address was Cima's

address, not Malm's. LLC allegedly never informed the Northern District of Georgia that the address listed on the docket for Malm was incorrect or advised the Northern District of Georgia of Malm's correct address. On August 11, 2011, the Northern District of Georgia entered a $1,875,633.00 judgment against Malm and Cima II, jointly and severally.

Malm allegedly first learned of the judgment on October 25, 2011. Upon learning of the judgment, Malm allegedly retained counsel immediately. Malm contends that he was never aware of any order entered by the Northern District of Georgia until Malm's new counsel sent the Northern District of Georgia's orders to him in November 2011. Malm unsuccessfully sought relief from the judgment entered against him in the Northern District of Georgia. In May of 2012, Malm allegedly settled the Lawsuit by agreeing to pay Kimberly-Clark $100,000.00. Malm included in his complaint a claim against LLC for legal malpractice. LLC moved to dismiss the instant action and on April 3, 2013, the court granted the motion to dismiss and terminated the instant action. On April 17, 2013, LLC filed a motion for attorneys' fees and on May 8, 2013, LLC filed a motion for sanctions.

## DISCUSSION

LLC argues that it should be awarded attorneys' fees based on Malm's bad faith in this case. LLC also argues that the court should enter sanctions against Malm and/or his counsel pursuant to Federal Rule of Civil Procedure 11 (Rule 11).

I. Motion for Attorneys' Fees

LLC moves to be awarded attorneys' fees pursuant to Federal Rule of Civil Procedure 54, contending that Malm and his counsel are guilty of acting in bad faith in this case. The Seventh Circuit has held that "a prevailing defendant may obtain attorneys' fees if the plaintiff litigated in bad faith." *Metavante Corp. v. Emigrant Sav. Bank*, 619 F.3d 748, 772 (7th Cir. 2010)(internal quotations omitted)(quoting *Mach v. Will County Sheriff*, 580 F.3d 495, 501 (7th Cir. 2009)). LLC contends that it appears that this action was brought solely by Malm to retaliate against LLC for LLC's withdrawal in the Lawsuit. Although Malm did not ultimately prevail in the instant action, none of the filings by Malm were frivolous or without a legitimate legal basis. The mere fact that Malm's arguments were not found persuasive by the court does not mean that Malm or his counsel acted in bad faith. Malm brought the instant action based on his perception under the circumstances that LLC committed malpractice and his counsel presented legitimate allegations and legal arguments relating to a supposed breach of a duty of care. Malm set forth in his complaint his understanding of the facts and the law as viewed by himself and his counsel. It was not obvious at the outset of the dispute in this case that Malm would not be able to plead the requisite causal relationship between LLC's allegedly negligent acts and Malm's alleged damages, or that this case constitutes an impermissible collateral attack on the Northern District of Georgia's rulings. Malm presented legitimate, though not meritorious, arguments on his behalf supporting such arguments with pertinent law.

LLC also contends that it repeatedly warned Malm not to bring the instant action. However, the mere fact that a party refuses to accept an opponent's view of the law and the case and ignores such warnings does not mean that the party engaged in sanctionable conduct. Nor has LLC shown that Malm's counsel was insufficiently diligent during investigations prior to the filing of this case. LLC also argues that the instant action was brought after the statute of limitations. In regard to LLC's arguments regarding the timeliness of the instant action that were presented in the motion to dismiss, the court made no ruling in the dismissal concerning the statute of limitations issue or whether equitable tolling applied in this case since LLC's alternative arguments were found to be meritorious. LLC has not shown that Malm or his counsel acted in bad faith in this case and the motion for attorneys' fees is denied.

II. Motion for Sanctions

LLC moves pursuant to Rule 11 for sanctions against Malm and/or his counsel for bad faith conduct. The Seventh Circuit has explained that parties and/or attorneys may be subject to Rule 11 sanctions "when parties or their attorneys bring legal action for any improper purpose, such as to harass or needlessly increase the cost of litigation." *National Wrecking Co. v. International Broth. of Teamsters, Local 731*, 990 F.2d 957, 963 (7th Cir. 1993). A court can impose Rule 11 sanctions "if a lawsuit is not well grounded in fact and is not warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law."

*Cuna Mut. Ins. Soc. v. Office and Professional Employees Intern. Union, Local 39*, 443 F.3d 556, 560-61 (7th Cir. 2006)(internal quotations omitted)(quoting *Nat'l Wrecking Co.*, 990 F.2d at 963. In making its Rule 11 inquiry, the court "must undertake an objective inquiry into whether the party or his counsel should have known that his position is groundless." *Id.* As indicted above, LLC falls short of establishing that Malm or his counsel acted in bad faith in this case. The mere fact that Malm did not prevail does not mean that he or his counsel engaged in sanctionable conduct. The court also notes that the instant action merely proceeded to the pleadings stage and LLC was not required to undergo the costs associated with defending a case at trial. The costs associated with this case are part of the natural course of business and litigation under the American system and LLC must bear such costs. *See Mach*, 580 F.3d at 501 (stating that under the "typical American rule . . . each party bears his own litigation expenses . . .[except] where a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons")(internal quotations omitted)(quoting *Chambers v. NASCO, Inc.,* 501 U.S. 32, 45-46 (1991)). LLC has not shown that Malm or his counsel should have concluded that the instant action was groundless. Therefore, the motion for sanctions is denied.

## CONCLUSION

Based on the foregoing analysis, LLC's motion for attorneys' fees and motion for sanctions are denied.

_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated:   October 2, 2013